# United States Court of Appeals
## For the First Circuit

No. 22-1157

UNITED STATES,

Appellee,

v.

HENRI SALVADOR GUTIERREZ, a/k/a Perverso,

Defendant - Appellant.

Before

Barron, Chief Judge,
Kayatta, Gelpí, Montecalvo, and Rikelman, Circuit Judges.

**ORDER OF COURT**

Entered: February 1, 2024

A majority of the active judges who are not disqualified have voted to hear this case en banc. Accordingly, the petition for rehearing en banc is granted. In accordance with customary practice, the panel opinion released on August 29, 2023, is withdrawn, and the judgment entered the same date is vacated. See 1st Cir. I.O.P. X(D).

The en banc court will have copies of the parties' previously filed briefs. The parties are also directed to file simultaneous supplemental briefs addressing the following questions, in addition to any other questions they may wish to address:

1. U.S.S.G. § 3B1.4, titled "Using a Minor to Commit a Crime," states that "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense, increase by 2 levels." Does this sentencing enhancement apply only when the defendant, by some affirmative act, helps to involve the minor in the criminal enterprise, see, e.g., United States v. Pojilenko, 416 F.3d 243, 247 (3d Cir. 2005); United States v. Suitor, 253 F.3d 1206, 1210 (10th Cir. 2001); United States v. Parker, 241 F.3d 1114, 1120-21 (9th Cir. 2001), or does it apply even where, although the defendant did not personally engage a minor, they could "reasonably

   foresee" a co-conspirator's use of a minor in a criminal enterprise, see, e.g., United States v. Patrick, 248 F.3d 11, 27-28 (1st Cir. 2001)?

2.  If U.S.S.G. § 3B1.4 does require an affirmative act by the defendant to involve the minor in the criminal enterprise, is the affirmative-act requirement met here based on the evidence in the record that Salvador Gutierrez told a minor to "move over"?

3.  If U.S.S.G. § 3B1.4 does require an affirmative act by the defendant to involve the minor in the criminal enterprise, is the affirmative-act requirement met here by the evidence concerning Salvador Gutierrez's recruiting and training of minors?

4.  Does the failure to raise an issue before the original appellate panel preclude an en banc panel's jurisdiction over the issue? See Socop-Gonzalez v. INS, 272 F.3d 1176, 1186 n.8 (9th Cir. 2001) (en banc); United States v. Campbell, 26 F.4th 860, 888-91 (11th Cir. 2022) (en banc) (Pryor, J., concurring); Chestnut v. City of Lowell, 305 F.3d 18, 21 (1st Cir. 2002) (en banc); United States v. Vega-Santiago, 519 F.3d 1, 11 n.9 (1st Cir. 2008) (en banc) (Lipez, J., dissenting).

5.  Is Salvador Gutierrez's challenge to the District Court's application of U.S.S.G. § 3B1.4 to Salvador Gutierrez based on his affirmative acts preserved, or did he forfeit such a challenge?

6.  Was any error the District Court made in applying the two-level enhancement under U.S.S.G. § 3B1.4 to Salvador Gutierrez harmless error? See Molina-Martinez v. United States, 578 U.S. 189, 201 (2016).

  The supplemental briefs should be filed simultaneously on or before **February 22, 2024**. Such briefs should not exceed 30 pages, and shall otherwise comply with applicable rules concerning format, service, and other requirements.

  Amici are welcome to file amicus briefs, also not to exceed 30 pages per brief, no later than 7 days after the principal supplemental briefs are filed, but must seek prior leave of court.

  Any reply supplemental briefs must be filed by the parties no later than 21 days after the amici briefing deadline. Reply briefs are limited to 15 pages.

  The en banc hearing will be scheduled for May 8, 2024.

            By the Court:

            Maria R. Hamilton, Clerk

cc: George F. Gormley, Stephen Paul Super, Henri Salvador Gutierrez, Mark T. Quinlivan, Donald Campbell Lockhart, Kaitlin R. O'Donnell, Kunal Pasricha, Philip Mallard